THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7                UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9   MARGARET LAND,                      CASE NO. C15-5409-JCC

10                    Plaintiff,         ORDER GRANTING PLAINTIFF'S
                                        MOTION FOR ATTORNEY FEES
11           v.

12  NANCY A. BERRYHILL, Acting
    Commissioner of Social Security,
13
                      Defendant.
14

15

16          This matter comes before the Court on Plaintiff Margaret Land's unopposed motion for

17  attorney fees (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant

18  record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the

19  reasons explained herein.

20          Plaintiff applied for Social Security Disability Insurance benefits on August 23, 2011,

21  and was subsequently denied. (Dkt. No. 10 at 2.) Plaintiff hired counsel and signed a

22  contingency fee agreement, under which her attorney would receive 25% of the backdated

23  benefits if received. (Dkt. No. 25-4.) After review, this Court reversed and remanded the case.

24  (Dkt. No. 16.) On remand, the Social Security Administration determined that Plaintiff was

25  entitled to $98,312.00 in backdated benefits. (Dkt. No. 25-3.) Plaintiff's attorney moved for

26  Equal Access to Justice Act (EAJA) fees for 41.7 hours of work totaling $7,934.68 and the

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES
PAGE - 1

1  motion was granted. (Dkt. No. 24.) Plaintiff's attorney then filed this motion for $16,643.32 in

2  attorney fees in accordance with the contingency fee agreement. (Dkt. No. 25.) Defendant filed a

3  response stating the motion was unopposed. (Dkt. No 26.)

4        Pursuant to 42 U.S.C. § 406(b), a contingency fee agreement is permissible if it awards

5  no more than 25% of the backdated benefits, but the fee must also be reasonable. *Gisbrecht v.*

6  *Barnhart*, 535 U.S. 789, 791 (2002). To determine if a fee is reasonable, the Court must first

7  evaluate the fee agreement and then modify the agreement "if the attorney provided substandard

8  representation or engaged in dilatory conduct in order to increase the accrued amount of past-due

9  benefits, or if the benefits are large in comparison to the amount of time counsel spent on the

10  case." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (internal quotations omitted).

11  The fee agreement should only be disturbed if there are compelling reasons. *See id.* at 1149.

12        The contingency fee agreement in this instance is controlling. (*See* Dkt. No. 25-4.) There

13  are no allegations of delay, substandard representation, or excessive benefits in relation to the

14  amount of time spent on the case. (*See* Dkt. No. 26.) Plaintiff's attorney provided 41.7 hours of

15  work, (Dkt. No. 22-3, 22-4), and Plaintiff was awarded $98,312.00 in back dated benefits. (Dkt.

16  No. 25-3.) Based on the contingency fee agreement, Plaintiff's attorney is entitled to $16,643.32.

17  After dividing the contingency fee award by the hours worked, Plaintiff's counsel would be

18  compensated at $399 per hour, which is well within previously awarded ranges. *See, e.g.*, *La*

19  *Plant v. Berryhill*, Case No. C14-1143-JCC, Dkt. No. 41 (W.D. Wash. 2017); *Scruggs v.*

20  *Berryhill*, Case No. C15-5670-JCC, Dkt. No. 27 (W.D. Wash. 2017). Therefore, the Court

21  GRANTS Plaintiff's motion for attorney fees.

22        For the foregoing reasons, Plaintiff's motion for attorney fees (Dkt. No. 25) in the

23  amount of $16,643.32, minus any applicable processing fees allowed by statute, is GRANTED.

24  The Court ORDERS a check for the appropriate amount be made payable to Plaintiff's attorney,

25  Elie Halpern, at Halpern Olivares PLLC, 1800 Cooper Pt. Road SW, Bldg. 19, Olympia, WA

26  98502.

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES
PAGE - 2

1

2       DATED this 25th day of July 2017.

3

4

5

        John C. Coughenour
6       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION FOR
ATTORNEY FEES
PAGE - 3